**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA ,** | : | |
| v. | : | **20-CR-40068-HLT-ADM** |
| **JEFFREY PIERCE,** | : | |

**AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL RESPONSE
SUBMITTED BY DAVID MILES**

I, David Miles, state the following under penalty of perjury:

I am a founder and owner of Grayshift, which was formed in 2016. From the Company's founding through the present, I have been the Chief Executive Officer of the Company.

Grayshift is a private company that develops forensic tools for law enforcement that can assist with collecting and processing data. One product developed and marketed by Grayshift is GrayKey. GrayKey is a state-of-the-art forensic tool, that extracts data from iOS mobile devices and, in many instances, can unlock such devices. GrayKey provides comprehensive iOS device support, including same day extractions from locked iOS devices and full-content extractions from unlocked iOS devices. These functionalities help law enforcement and government investigative agencies swiftly resolve critical investigations and ensure public safety.

This powerful forensic tool is currently one of the only tools on the market of its kind. It can extract the contents from Apple iOS devices in different ways. If the user of GrayKey has the passcode to a device, the user can input the passcode and use GrayKey to extract all of the data from the device. If a device has a passcode, but the user of GrayKey is unaware of the passcode, GrayKey can bypass the passcode and obtain differing levels of data from an iOS device. While this bypassing process obtains only some of the data on the iOS device, it is not the only relevant GrayKey feature when a device is locked and the passcode is unknown. GrayKey's technology can attempt a

1

brute force, that is, entering every conceivable passcode until the actual passcode is revealed. Although Apple iOS devices are equipped with security features that try to prevent such attacks, GrayKey's technology has the ability, in most instances, to overcome these security features.

I am aware that the defendant in the above-referenced criminal proceeding has requested the following items: (1) all technical manuals and change logs specific to GrayKey version 1.6.7.9; (2) a licensed GrayKey version 1.6.7.9 hardware and cables used to mount the iOS device and extract data; (3) a licensed and installable copy of any associated GrayKey software applications required to access data extracted by the GrayKey hardware; and (4) member access to any web portals hosted by GrayShift in connection to GrayKey including a Grayshift SSO Account as advertised on GrayShift's website to access critical resources for success and any additional information generated by the software and hardware during the extraction process.

For most of these items, our clients either lack access or the ability to provide access to a third party. For instance, Grayshift pushes out automatic updates to our clients for GrayKey's hardware. Our current GrayKey version is 1.6.11.2. As such, our clients no longer have access to version 1.6.7.9. Grayshift maintains the software that supports GrayKey, so customers also lack the ability to transfer that software to third parties. Though our clients have access to Grayshift's web portals, the portals are maintained and are in the control of Grayshift. Moreover, as the name suggests, "member access" to web portals that support GrayKey are limited to customers, and customers lack the ability to permit third parties to access such web portals.

Grayshift restricts information about GrayKey. Grayshift exclusively targets law enforcement and public safety agencies as customers because it wants to support public safety, and it does not want this tool to fall into the hands of non-government actors who may seek to use the tool for malicious purposes. Grayshift takes many proactive steps to keep GrayKey's technology on a need-to-know basis. The broad contours of how the product works are unknown outside of Grayshift. Information related to GrayKey is limited even within Grayshift to those who have reason to need to know about the product. Grayshift takes all measures necessary to ensure that its customers do not disclose

information related to GrayKey, by requiring its customers, including law enforcement officers, to enter into non-disclosure agreements when licensing the product. Grayshift has a practice of not publicly commenting on or otherwise providing information about GrayKey beyond what appears on Grayshift's website. Grayshift takes these proactive steps because the technical information concerning Grayshift's products cannot be easily acquired or duplicated by others, as is evidenced by the fact that no other company licenses a Mobile Device Forensic Tools ("MDFT") similar to GrayKey. Within the MDFT industry, disclosure of even minor pieces of technical information can provide mobile device companies, competitors, third-party hackers, criminals, or other parties with the means to defeat an MDFT. Release of the requested documents to the proposed digital forensic expert in the above-referenced matter is particularly concerning with respect to competitive harm. Not only does the digital forensic expert work at a firm that, like Grayshift, provides data extraction and processing support, but she appears to have been engaged in the past on multiple matters where GrayKey has been used and appears to be leveraging information obtained in these past matters in an effort to refine her requests and gain a further understanding of how the product works.

If the defendant in this matter obtained the unfettered access to GrayKey that he and his forensic consultant seek, they could use the access to further understand how and when law enforcement uses GrayKey and thereby identify ways of frustrating the use of GrayKey, either by documenting its specific functionality allowing those involved in illicit activity to tailor their conduct in an effort to avoid detection or by working with mobile device manufacturers to take steps to thwart the tool.

Grayshift is willing to provide the Court with additional information regarding GrayKey, however, Grayshift requests such information be provided during an *ex parte in camera* hearing to ensure the integrity of the product.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED: April 8, 2021.

_____
David Miles
Chief Executive Officer