Filed in Open Court
_1 - 21 - 22_
Skyler B. O'Hara
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA

Plaintiff,

v.

Case No. 20-CR-40068-TC-ADM

JEFFREY PIERCE,

Defendant.

## PLEA AGREEMENT

The United States of America, by and through Trial Attorneys for the Criminal Division of the Department of Justice, Child Exploitation and Obscenity Section, Austin M. Berry and William G. Clayman, and the defendant, Jeffrey Pierce, personally and by and through his counsel, Christopher Joseph, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count 2 of the Superseding Indictment charging a violation of 18 U.S.C. § 2251(a), that is, Production of Child Pornography. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count 2 of the Superseding Indictment to which he has agreed to plead guilty is a term of imprisonment of up to thirty (30) years but not less than fifteen (15) years, a fine of up to $250,000.00, a term of supervised release of up to life but not less than five (5) years, a $100.00 mandatory special assessment pursuant to 18 U.S.C. § 3013, an additional assessment of up to $50,000.00 pursuant to 18 U.S.C. § 2259A(a)(3)[1], and an additional

---

[1] Commonly known as the Amy, Vicky, and Andy Child Pornography Victim Assistance Act, or the AVAA.

assessment of $5,000.00 pursuant to 18 U.S.C. § 3014. The defendant shall also pay any applicable

restitution. The defendant further agrees to forfeit property to the United States, as agreed.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the

offense to which the defendant is pleading guilty are as follows:

> Between March 9, 2020 and June 5, 2020, Defendant pretended to be a teenage girl
> on Instagram and other messaging applications while communicating with a 14-
> year-old boy. While pretending to be a teenage girl, Defendant asked the 14-year-
> old boy to send sexually explicit images and videos of himself. For example,
> Defendant asked the 14-year-old boy to "send full", "nude full", "no clothes", "get
> pic of all of u", "like balls, dick, body and face", "lemme see you balls and taint."
> Later, when the boy stopped sending the requested photos, Defendant threatened
> the boy by saying, "shame if ur shit got out", and when the boy asked if Defendant
> was really going to do that, Defendant responded, "no, if you send me more, or
> better yet, convince ur friend [Friend's Name] to send to me". [Count 2].

> In addition, between approximately December 11, 2018, and September 2, 2020,
> Defendant pretended to be a teenage girl on Instagram, Snapchat, and Kik. While
> pretending to be a teenage girl, Defendant distributed sexually explicit images of
> other minors to Minor-1, a 16-year-old boy, in an attempt to get Minor-1 to send
> Defendant similar sexually explicit images of himself. Minor-1 did send sexually
> explicit images to Defendant at Defendant's request. During the online relationship,
> Defendant, still posing as a teenage girl, asked Minor-1 to meet with "her" friend
> "Jeff" to engage in sexual acts. Sexually explicit images of Minor-1 were located
> in Defendant's iPhone 5 in a secret photo vault application. On Defendant's iPhone
> XS Max, law enforcement located chats from the Instagram application showing
> communications between Defendant and Minor-1 through August 15, 2020, which
> was approximately two weeks before Defendant was arrested. [Count 1].

> Similarly, between October 7, 2018 and August 24, 2020, Defendant engaged in a
> similar scheme with another boy who was 14 years old at the beginning of the
> communications. Defendant again pretended to be a teenage girl and persuaded the
> boy to send nude photos to Defendant by asking the boy: "Do it with body and
> dick," "Do full standing tho like me," "Face. I will if u do good one," "U can be
> soft I like that," "Turn sideways and do one," "Lemme see those hot pubes," "And
> send a long vid. Film on ur phone and load from gallery so its long. Do full body
> vids face and Ill dildo if u do," "U jacking off full body like that face pic. Do it on
> phone and load it in gallery," and "Get ur ass in next vid" "If u do 1 balls And
> another of taint. Like lay back legs up in air." [Count 3].

> Additionally, between January 9, 2020 and August 15, 2020, Defendant engaged in
> a similar scheme with another boy who was 14 years old at the beginning of the
> communications. Defendant again requested that this boy send sexually explicit

images to him by saying that he wanted to see the boy's "butthole", and would tell the boy "put your finger in your butthole". [Count 4].

In yet another example, between March 3, 2020 and March 8, 2020, Defendant again pretended to be a teenage girl while communicating with a 16-year-old boy. Defendant told the boy what he wanted the boy to do in the sexually explicit images he was requesting: "I wanna see you cum", "move ur hand", "Turn sideways", "Lemme See Dick and pubes up close", "Lemme see those balls And taint", "Vid that vid cock", "Taint", "Pubes", and "Lift legs up let me See balls and ass that way". [Count 5].

Similarly, between August 25, 2020 and August 29, 2020, Defendant engaged in a similar scheme while communicating with a 15-year-old boy. Defendant again persuaded the boy to send sexually explicit images and gave specific directions as to what the boy should do in the images: "Take ur cloths off", "No I meant full body", "Like full nude pics in mirror", "And good dick picks. I like pubes And balls too", "Then lots of dick pics. Pubes. Balls", "Get face in nudes", "Lemme see Dick and balls close", "And taint", "That under your balls to hole lift ur legs up", "Show further down to ur hole", and "Cum showing face baby". [Count 6].

Again, between January 13, 2019 and April 8, 2020, Defendant engaged in a similar scheme while communicating with a 15-year-old boy who was also one of Defendant's students at Seaman High School. Specifically, Defendant told this boy to "Send your balls", "Do it other side", "Under to taint", "Love hairy asshole and stuff. A lot.", "Couldn't see your hole", "Do hole", "Jacking. Cum", and "Send full nudr". [Count 7].

In another example, between November 24, 2019 and August 15, 2020, Defendant engaged in a similar scheme with another 15-year-old boy in which he told the boy: "All of u naked. Lose ALL clothes", "Send vid like the last pic jacking off", "Full. Body", "No do full nude Pics and Cideao", "Videos", "Send me a vid measuring ur sick", "Dick", and "Send ur dick soft on bathroom breaks". [Count 8].

Similarly, between July 2, 2019 and August 15, 2020, Defendant engaged in a similar scheme with another 15-year-old boy in which he told the boy: "Send full nude right away want u soft before I see u hard", "Send full Vids. Long.", "Send me long vids on kik", "Can I watch u jack off live", "Show ur ass and taint too", "Lean back legs up show asshole. Play with it. Finger. Jerk off. Moan", "Open ur hole as wide as u can. Then jack ofc hard and loud", and "Lift ur cock up". [Count 9].

3. **Application of the Sentencing Guidelines.** The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines. The defendant agrees to waive all

constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Department of Justice agrees:

        a.  to dismiss the remaining counts of the Superseding Indictment at the time of sentencing;

        b.  to not file any additional charges against the defendant arising out of the facts forming the basis for the present Superseding Indictment; and

        c.  to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of

4

sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct, the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by the terms of this Plea Agreement, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of

Evidence 410, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

7. **Forfeiture of Assets.** The defendant agrees to the forfeiture of the following property to the United States:

> a. Apple MacBook Pro in red case, Serial Number: FYFYG2U8J1WT
>
> b. Apple iPhone 5, IMEI 013986000688460
>
> c. Apple iPhone XS Max, IMEI 357277091214026
>
> d. Green and Silver 8GB Keystone Learning Service thumbdrive

The defendant agrees that this property was used or intended to be used to commit or to promote the commission of Count 2. The defendant knowingly and voluntarily waives his right to a jury trial regarding the forfeiture of property, and voluntarily waives all constitutional, legal and equitable defenses regarding the forfeiture of property. The defendant acknowledges and agrees that the forfeiture of this property shall not be deemed an alteration of his sentence or this agreement, and shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. Additionally, the defendant agrees to the immediate entry of the Preliminary Order of Forfeiture, and agrees to sign any and all documents necessary to effectuate the forfeiture and transfer of his interest and possession of the property identified in this paragraph to the United States prior to the imposition of sentence.

6

8. **Restitution.** The defendant acknowledges that his conduct involved the Production of Child Pornography involving a minor, for which restitution is authorized and mandated pursuant to 18 U.S.C. § 2259(a). Defendant further agrees:

    a. To make restitution to any victim, including any victim with respect to a Count dismissed and any victim directly or indirectly harmed by Defendant's relevant conduct as part of the agreement in whatever amount the Court may order, pursuant to 18 U.S.C. §§ 3663, 3663A and 3771. Defendant agrees to pay full restitution comprising all proven losses caused by the offense of conviction and relevant conduct to the victim(s) regardless of the count(s) of conviction, including identifiable victims named in the dismissed counts and the victims not charged in the pending Second Superseding Indictment, but known to the United States before the sentencing hearing. Defendant stipulates and agrees that as a result of his criminal conduct, the victim(s) incurred a monetary loss in an amount to be determined. Defendant understands and agrees that the Court will determine the amount of restitution to fully compensate the victim(s). Defendant agrees that restitution imposed by the Court will be due and payable immediately and that Defendant will not attempt to avoid or delay payment. Defendant waives the right to challenge in any manner, including by direct appeal or in a collateral proceeding, the restitution order imposed by the Court. A restitution amount in excess of what Defendant believes is appropriate will not be a basis for his withdrawal from this agreement.

    b. That, pursuant to 18 U.S.C. § 3664(d)(5), the court may defer the imposition of restitution until after the sentencing; however, the defendant specifically waives the 90-day provision found at 18 U.S.C. § 3664(d)(5) and consents to the entry

of any orders pertaining to restitution after sentencing without limitation. Such restitution shall be due and payable immediately.

    c.  That all victims, to include the victims named in the count of conviction and the victims named in the counts dismissed, as well as victims not charged in the pending Second Superseding Indictment, but known to the United States before the sentencing hearing, are entitled to all rights as described in 18 U.S.C. § 3771.

9. **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

10. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

11. **Payment of Assessments in Child Pornography Cases.** The defendant understands that, in addition to any other criminal penalty, restitution, or special assessment authorized by law, the Court may impose an additional assessment of not more than $50,000.00 for the defendant's conviction under Count 2. The defendant also understands that the imposition of an assessment under this section does not relieve him of (nor entitle him to reduce the amount of) any other penalty by the amount of the assessment. The parties agree they will argue their

8

respective positions regarding the assessment in child pornography cases pursuant to 18 U.S.C. § 2259A(a)(3), but agree to be bound by the Court's determination within the statutory range.

12. **Payment of JVTA Assessment.** The defendant understands that an assessment pursuant to the Justice for Victims of Trafficking Act (JVTA) of $5,000.00 shall be imposed for Count 2, unless the Court determines the defendant is indigent (or if the JVTA is not extended by Congress). The defendant has the burden of establishing indigency. The parties acknowledge that if the Court finds the defendant is without resources to pay the JVTA assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

13. **Limited Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution and his conviction. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence. The defendant does not waive his right to appeal the sentence imposed, but the defendant does waive his right to collaterally attack the sentence. In other words, the defendant may engage in a direct appeal of the sentence imposed, but not the conviction or any pretrial issues, including, but not limited to, the suppression motion. Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

14. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

9

15. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

16. **Megan's Law/Adam Walsh Act Notice.** The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. Likewise, pursuant to 18 U.S.C. § 2250(b), the defendant must provide information required by the Sex Offender Registration and Notification Act relating to intended travel in foreign commerce, and must do so prior to engaging in, or attempting to engage in, such international travel in foreign commerce. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to

10

register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

17. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the Department of Justice, Child Exploitation and Obscenity Section, with respect to the investigation that led up to the charges in this case, and that it does not bind any other federal, state, or local prosecution authority.

18. **Voluntariness of Guilty Plea.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and unless subsequently supplemented in writing with the joint approval of the parties, this Plea Agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

19. **Signature is binding.** The defendant has been advised by the defendant's attorney of the defendant's rights under Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Upon signing of this Agreement, the defendant waives these rights and agrees that the contents of this Agreement, including the factual basis, may be used against the defendant at any time in any proceeding should the defendant violate or refuse to follow through on this plea agreement, regardless of whether the plea agreement has been accepted by the Court. In other words, even though Federal Rule of Criminal Procedure 11(d) allows a defendant to withdraw a guilty plea before the Court accepts the plea, the defendant understands that by signing this

11

Agreement, the contents of this Agreement may be used against the defendant even if the defendant

fails to plead guilty after signing the Agreement or moves to withdraw the guilty plea after pleading

guilty.

_FOR_____

AUSTIN M. BERRY
Trial Attorney
Child Exploitation & Obscenity Section
Department of Justice
1301 New York Avenue, NW
11th Floor
Washington, DC 20005

Date: 1/21/22

_____

WILLIAM G. CLAYMAN
Trial Attorney
Child Exploitation & Obscenity Section
Department of Justice
1301 New York Avenue, NW
11th Floor
Washington, DC 20005

Date: 1/21/22

_____

JEFFREY PIERCE
Defendant

Date: 12/27/21

_____

CHRISTOPHER JOSEPH
Counsel for Defendant

Date: 12-27-21

12